**April 16, 1991**

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

LUCKY DEVELOPMENT CO., LTD., )
                          )
          Plaintiff, )
                          )
         vs.           )
                          )
TOKAI U.S.A., INC.,      )
VICTORINO N. IGITOL and   )
URSULA L. ALDAN,        )
                          )
         Defendants. )
_____)

APPEAL NO. 91-003
CIVIL ACTION NO. 90-828

<u>ORDER STRIKING OPPOSITION
MEMORANDUM and DENYING
MOTION TO DISMISS</u>

Defendant Tokai U.S.A., Inc. (hereafter Tokai) filed a motion to dismiss the appeal of plaintiff on the ground that the appeal did not "fully comply with the requirements of Commonwealth Rule of Appellate Procedure 3(c)." Memorandum in Support, p. 3. It argued that the appellant in this appeal is Antonio Atalig, initial counsel for plaintiff in the trial court. The orders appealed from, as stated in plaintiff's Notice of Appeal, deals only with sanctions against Antonio Atalig solely. As such, Tokai argues that Antonio Atalig must be specified, pursuant to R.App.Proc. 3(c), as the appellant. It argues that failure to timely do so is jurisdictional and the appeal should be dismissed.

This motion to dismiss was filed on March 19, 1991, and served

82

on plaintiff on the same day. The notice of hearing was filed on March 20, 1991, setting the hearing date on the motion for April 4, 1991, at 1:30 p.m. The Clerk of Court served this notice on plaintiff by placing it in plaintiff's box in the Clerk of Court's Office.

Plaintiff filed his opposition memorandum on April 2, 1991, and served Tokai on the same day.

On April 3, 1991, Tokai filed its response to the opposition memorandum and requested the Court to strike the memorandum as being untimely.

## REQUEST TO STRIKE

We agree with Tokai that the opposition memorandum was untimely filed and should be stricken. We agree that R.App.Proc. 27(a) and (b) are confusing. R.App.Proc. 27(a) states that a party may file an opposition within 7 days after service of the motion. Yet R.App.Proc. 27(b) appears to allow a response to be filed no later than 3 days prior to the date of hearing.

Had plaintiff filed its opposition within the time limit of R.App.Proc. 27(b), we would not strike the opposition. However, as noted by Tokai, the opposition is untimely under either rule. The motion to dismiss was filed on March 19, and the hearing was set for April 4. Under R.App.Proc. 27(b), plaintiff's last day to file its opposition was April 1. It filed on April 2.

We are gravely concerned with plaintiff's counsel's failure to

strictly comply with our rules. Counsel has been previously warned to comply with our rules. See Cabrera v. Heirs of Pilar de Castro, No. 89-018, slip op. at 3, n.3 (N.M.I. June 7, 1990).

In addition, the rationale provided by counsel for Antonio Atalig at the hearing disturbs this Court. Counsel first stated that while it was true that he was served with the motion on March 19, the copy it received was unfiled. He did not know whether it was a draft copy only. Second, the notice of hearing was blank as to the date and time of the hearing. His office received the filled-in notice of hearing on March 22.

We do not understand the statement made by plaintiff that it received an unfiled copy of the motion. R.App.Proc. 25(b) is clear that copies of papers shall be served "at or before the time of filing." (Emphasis added.) We further do not understand why he should wonder whether the copy is a draft.

Counsel for plaintiff stated that his office did not receive the filled-in copy of the notice of hearing until March 22. However, the Court's file shows that a copy of the filled-in notice was placed in his box in the Clerk of Court Office on March 20. See Com.R.Prac. 6(a), as made applicable by R.App.Proc. 1(b). His office was notified of such copy on the same day. Because his office decided to pick up the notice on March 22 instead of March 20 is not a reason to untimely file a document.

The failure to comply with our rules, plus the lack of a valid

reason for the failure, leads this Court to conclude that the opposition memorandum should be stricken.

## MOTION TO DISMISS

Tokai's motion to dismiss is based on a certain interpretation of R.App.Proc. 3(c). The interpretation it propounds is the interpretation given by the majority in Torres v. Oakland Scavenger Co., _____ U.S. _____, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).[1]

The United States Supreme Court in Torres held that the jurisdictional requirement of Federal Rule of Appellate Procedure 4,[2]

> would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal. Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the rules do not grant courts the latter power, we hold

_____

[1]R.App.Proc. 3(c) states, in pertinent part, that

> The notice of appeal shall specify the party or parties taking the appeal. . . .

Federal Rule of Appellate Procedure 3(c) is exactly the same as to this part.

[2]Federal Rule of Appellate Procedure 4(a)(1), in pertinent part, states that

> [T]he notice of appeal required by Rule 3 shall be filed . . . within 30 days after the date of entry of judgment or order appealed from. . . .

This is exactly the same as our R.App.Proc. 4(a)(1).

that the rules likewise withhold the former.
108 S.Ct. at 2408.

According to Tokai, the _Torres_ case, plus other later cases from federal courts of appeal, conclusively settle the issue in federal courts as to the proper interpretation of Federal Rule of Appellate Procedure 3(c). Because such rule is the same as our rule, we should adopt the interpretation of the United States Supreme Court in _Torres_.

Although we have stated in previous decisions that interpretations by federal courts of federal rules similar to ours would be helpful, we have never stated that they are binding on us. See _In the Adoption of Amanda C. Magofna_, No. 90-012 (N.M.I. December 5, 1990); _Tudela v. Marianas Public Land Corporation_, No. 90-011 (N.M.I. June 7, 1990); _Tenorio v. Superior Court_, No. 89-002 (N.M.I. March 19, 1990). Counsel for Tokai agreed during oral argument that such interpretations are not binding on this Court. In this particular case, we do not agree with the majority in _Torres_. We are more persuaded with Justice Brennan's dissent in _Torres_.

Our rules of procedure should never be used as a game of skill. Justice Brennan, quoting from _Foman v. Davis_, 371 U.S. 178, 181-182, 83 S.Ct. 227, 229-230, 9 L.Ed.2d 222 (1962), stated that the rules "'reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate

86

a proper decision on the merits.'"  108 S.Ct. at 2410.

Justice Brennan cited to Federal Rules of Appellate Procedure 2,[3] and the last sentence of 3(c)[4] in support of his position.  We adopt such reasoning.  In addition, R.App.Proc. 3(a) also supports our interpretation of R.App.Proc. 3(c).  R.App.Proc. 3(a) states, in the last sentence, that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as this Court deems appropriate, which may include dismissal of the appeal."

We do not hold that there never can be a dismissal for failure to state the party or parties appealing.  We do hold that there should not be an automatic dismissal due to such technical failure.  If the name of a party is omitted from the notice of appeal, there has to be a determination made first as to whether the omission was intended or not.  If it was not intended, and good cause can be

_____

[3]Federal Rule of Appellate Procedure 2 is substantially the same as our R.App.Proc. 2.  Our R.App.Proc. 2 provides that

> In the interest of justice, or to expedite a decision, or for other good cause shown, this Court may suspend the requirements or provisions of any of these rules in a particular case, on application of a party or on its own motion, and may order proceedings in accordance with its direction.

[4]The last sentence of Federal Rule of Civil Procedure 3(c) is exactly the same as our R.App.Proc. 3(c).  It reads, "An appeal shall not be dismissed for informality of form or title of the notice of appeal.

shown for the omission, or that there is no prejudice to the appellee(s), then the omitted party should be included in the appeal.

In this particular case, we are convinced that the omission was not intended. It was clear since the date of the filing of the notice of appeal that Antonio Atalig was the appellant. The notice of appeal specifically states that the appeal is from the orders of the trial court, dated November 9, 1990, and December 19, 1990. Both of these orders mention only Antonio Atalig. The November 9, 1990, Order specifically stated that the sanctions are only as to Antonio Atalig. In addition, when the notice of appeal was filed on January 18, 1991, a stay of execution was also sought. The application for a stay also noted that the stay was for the orders of November 9,1990, and December 19, 1990. These documents put the trial court and opposing parties on notice that it was Antonio Atalig that was appealing the sanctions orders.

To be sure, Antonio Atalig should have put his name in the notice of appeal as the appellant. He, again, failed to strictly comply with our rules. However, in view of the fact that Tokai knew as of the date it received a copy of the notice of appeal and application for stay who the real appellant was, it would be an injustice to dismiss the appeal. There is no prejudice to Tokai.

All of the above leads this Court to deny Tokai's motion to dismiss.

88

We warn appellant and his counsel, however, to ensure compliance with our Rules of Appellate Procedure.[5] We note that the excerpt of the record was untimely filed. See R.App.Proc. 30. We further note that appellant has failed to include in his brief a statement of related cases, as required by R.App.Proc. 28(p). Additionally, appellant's statement of jurisdiction is erroneous. The Superior Court's jurisdiction is based on 1 CMC § 3202, not § 3102(b). The statutory basis for this Court's jurisdiction is 1 CMC § 3102(a), not § 3302. Finally, we note that R.App.Proc. 30(b)(3) requires inclusion in the excerpt the final complaint and answer for purposes of determining what the issues were in the trial court. Appellant has not done this. This should have been done, not for the reason of determining the issues in the trial court, but for the reason that the trial court imposed sanctions on its conclusion that the complaint was frivolous, legally unreasonable, and without factual foundation. Appellant's brief argues against the trial court's conclusion. It would be quite helpful to this Court in arriving at its decision to have and review the complaint that is at issue in this appeal.

## CONCLUSION

1. Tokai's request to strike appellant's opposition memorandum is **GRANTED**.

---

[5]As noted earlier, this is the second time that counsel will have been warned to comply with our rules. See page 3, <u>supra</u>.

2. Tokai's motion to dismiss the appeal is **DENIED**.

Dated at Saipan, MP this ___16th___ day of April 1991.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice